[712 NYS2d 632]

In the Matter of HOWARD FRANCIS MULHOLLAND, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 28, 2000

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Harding & Moore,* Kew Gardens (*James P. Harding* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to confirm so much of the Special Referee's report as sustained Charges One and Two, but to disaffirm so much of the report as sustained Charge Three, and to impose such discipline as the Court deems appropriate.

Charge One alleged that the respondent was convicted of a serious crime, as a result of which he has violated Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]). On or about September 21, 1998, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to the charge of failing to file a Federal income tax return in violation of 26 USC § 7203. On or about January 15, 1999, the respondent was sentenced to a term of probation of 36 months.

Charge Two alleged that the respondent has engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), based upon his conviction.

Charge Three alleged that the respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based upon his conviction.

Based on the evidence adduced at the hearing and the respondent's admissions, the Special Referee properly sus-

tained all three charges. The Grievance Committee's motion to confirm the Special Referee's report is granted, that branch of the respondent's cross motion which is to confirm so much of the Special Referee's report as sustained Charges One and Two is granted, and that branch of the cross motion which is to disaffirm so much of the Special Referee's report as sustained Charge Three is denied.

In determining an appropriate measure of discipline to be imposed, the respondent asks the Court to consider his weakened physical and emotional conditions, the devastation caused by the murder of his closest friend and confidant, his significant drinking problem, his unblemished disciplinary history, his expressed remorse, and his dire financial circumstances. The respondent emphasizes that he leads an extremely modest lifestyle and that he did not conceal income for personal gain. His motivation was his sense of obligation towards his children rather than greed or venality. Additionally, the respondent has presented letters from United States Senior District Judge Charles S. Haight, Jr. and A. Patricia Moore, Esq., a former law partner. The respondent points out that he has been under an interim suspension since July 29, 1999.

Notwithstanding the mitigation offered, the respondent is guilty of professional misconduct which warrants his suspension from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that that branch of the respondent's cross motion which is to confirm so much of the Special Referee's report as sustained Charges One and Two is granted, and that branch of the respondent's cross motion which is to disaffirm so much of the Special Referee's report as sustained Charge Three is denied; and it is further,

Ordered that the respondent, Howard Francis Mulholland, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules

governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Howard Francis Mulholland, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.